UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CORY COOPER,

    Plaintiff,

v.

STOREY COUNTY, a political subdivision of the State of Nevada; and JAMES MILLER, an individual,

    Defendants.

3:11-CV-00220-LRH-RAM

ORDER

Before the court is Defendants' motion for summary judgment filed on March 16, 2012. Doc. #19[1]. Plaintiff Cory Cooper filed his response on April 09, 2012. Doc. #20. Thereafter, Defendants filed their reply on April 24, 2012. Doc. #21.

**I.   Facts and Procedural History**

In 2006, Plaintiff, then an employee of the Storey County Sheriff's Office, was transferred from dispatch to administrative duty in the Virginia City office. Plaintiff's responsibilities as an administrative assistant included processing garnishments, concealed weapons permits, brothel applications, and fire department volunteer firefighter applications.

In 2007, Plaintiff received counseling from his employer concerning his inability to timely

---

[1] Refers to the court's docket entry number.

finish his work. From 2007 to 2009, Plaintiff received additional counseling and admonishments concerning his failure to complete his work within the required time period. On March 31, 2009, Plaintiff was called into Storey County Sheriff James Miller's office to explain why he was again behind in his work. Following the meeting, Plaintiff was placed on paid administrative leave.

On April 3, 2009, Plaintiff was asked to attend a meeting relating to his administrative leave. On his way to the meeting, Plaintiff slipped and fell on some ice outside the Sheriff's office and was injured. On April 6, 2009, Plaintiff signed an official notice explaining that he was under leave for failure to timely complete work pending an administrative investigation. On April 24, 2009, Plaintiff was terminated from the Storey County Sheriff's Office.

On March 25, 2011, Plaintiff filed a complaint against Defendants alleging three causes of action: (1) First Amendment retaliation; (2) wrongful discharge in violation of the Rehabilitation Act; and (3) tortious discharge. Doc. #1. In response, Defendants filed the present motion for summary judgment. Doc. #19.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

2

1  find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.
2  1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

3        To successfully rebut a motion for summary judgment, the non-moving party must point to
4  facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson*
5  *Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the
6  outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
7  (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is
8  not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material
9  fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for
10 the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of
11 evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;
12 there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

13 **III.  Discussion**

14     **1. First Amendment Retaliation**

15       Plaintiff's first cause of action is for First Amendment retaliation resulting from his refusal
16 to participate in alleged employee misconduct while he was employed at the Storey County
17 Sheriff's Office. Plaintiff alleges that in late 2007 he was asked by Sergeant Jason Dias to sign a
18 form falsely attesting that he had attended a training session conducted by Sergeant Dias. He
19 alleges that in early 2008, he was asked by Detective Tony Dosen and Lieutenant Ken Quirk to
20 provide a false police report for a criminal investigation. At some point in 2007 or 2008, Plaintiff
21 alleges he was pressured by Lieutenant Ken Quirk to sign a grant application falsely representing
22 that he was a resident of Storey County. Finally, Plaintiff alleges that at some point in 2007 or
23 2008, he refused to participate in the intentional mishandling of evidence by managerial employees.
24 Plaintiff claims that he was terminated for one or all of these events.

25       In order to establish a prima facie case of retaliation, a public employee must show that:

26

(1) he spoke on a matter of public concern; (2) Defendants took an adverse employment action against him; and (3) his speech was a substantial motivating factor for the adverse employment action. *Thompson v. City of Beaverton*, 379 F.3d 802, 807-08 (9th Cir. 2004); *Eng v. Cooley*, 522 F.3d 1062, 1070 (9th Cir. 2009).

The court finds it unnecessary to address the first and second elements of Plaintiff's claim because the third element, that his speech was a substantial motivating factor, is dispositive in this matter. Plaintiff alleges that he was asked to participate in misconduct by fellow employees during his employment with the Storey County Sheriff's Office, and when he refused to participate his employment was terminated. *See* Doc #1.

Yet Plaintiff's only evidence that the alleged misconduct played a part in the decision to terminate his employment is the existence of his refusal to comply and his subsequent discharge. Plaintiff depends entirely upon the inference that there was no other reasonable explanation for his termination, but admits that he received counseling for his poor work performance dating as far back as 2007. Such a conclusory, self-serving statement is insufficient to create a genuine issue of material fact. *See F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)(citing *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993)(holding that a plaintiff's self-serving and conclusory allegations are insufficient to raise a disputed issue of material fact)).

Furthermore, to establish that speech was a substantial or motivating factor in the adverse employment action, a plaintiff must proffer evidence indicating that the defendant was aware of the expressive conduct. *Marr v. Anderson*, 611 F. Supp. 2d 1130, 1142 (D. Nev. 2009)(citing *Alpha Energy Savers v. Hansen*, 381 F.4d 917, 929 (9th Cir. 2004)). Here, the court finds that there is insufficient evidence to show that Defendants were aware of Plaintiff's speech. Plaintiff admits that he has no reason to believe that Sheriff Miller - the man responsible for the Plaintiff's termination - had knowledge of Plaintiff's refusal to engage in the alleged misconduct. Plaintiff never told the

sheriff about the alleged events and there is no evidence to suggest that other employees did. Thus, there is no clear connection between Plaintiff's protected speech and his loss of employment. There is, however, a clear connection between Plaintiff's poor work performance and his loss of employment. Therefore, Defendants are entitled to summary judgment on Plaintiff's claim for First Amendment retaliation.

**2. Rehabilitation Act**

Section 794 of the Rehabilitation Act makes it unlawful for an employer to discriminate against an otherwise qualified individual based upon his or her disability. 29 U.S.C. § 794. In order to establish a prima facie case of a violation of the Rehabilitation Act, a plaintiff must show that: (1) he is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of his disability. *Walton v. U.S. Marshals Service*, 492 F.3d 998, 1005 (9th Cir. 2007)(citing *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1058 (9th Cir. 2005)). Further, an unlawful discharge claim requires a showing that the employer terminated the employee because of his disability. *Humphrey v. Memorial Hospitals Association*, 239 F.3d 1128, 1139 (9th Cir. 2001).

Mere temporal proximity of an injury to discharge can serve as sufficient evidence of causality to establish a prima facie case, provided that the temporal proximity is "very close." *Clark County School Dist. v. Breeden* 532 U.S. 268, 273, 121 S. Ct. 1508 (2001). Plaintiff argues that the temporal proximity of the accident and discharge is sufficient to make a prima facie case of reprisal because he was terminated less than three weeks after he was injured.

However, summary judgment is proper if the defendant is able to rebut a prima facie case with evidence of a nondiscriminatory reason for the termination. *Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir. 1990); *see also Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003)(holding that a non-retaliatory explanation can be sufficient to overcome evidence of temporal proximity).

Here, the undisputed evidence establishes that Plaintiff had received counseling for poor job performance repeatedly over two years, was placed on administrative leave, and was on his way to a meeting about the future of his employment on the date of the accident. The purpose of Plaintiff's leave was to determine whether the poor quality of his work-product merited a full investigation as to his suitability as an employee of the Storey County Sheriff's Office. On the day he was injured, Plaintiff was to be informed of Defendant's decision to conduct a full investigation. Thus, evidence exists of a nondiscriminatory reason for Plaintiff's termination. Further, the court finds that the undisputed evidence that Defendants were concerned about Plaintiff's work performance for over two years before he was injured is sufficient to rebut Plaintiff's inference that Defendant terminated his employment because of his handicap. Accordingly, the court shall grant Defendant's motion for summary judgment on Plaintiff's Rehabilitation Act claim.

**3. Tortious Discharge**

A tortious discharge occurs when an employer terminates an employee for reasons which violate public policy. *D'Angelo v. Gardner*, 107 Nev. 704, 712, 819 P.2d 206, 212 (1991). To establish a claim for tortious discharge, a plaintiff must show that his protected conduct was *the* proximate cause of his discharge. *Allum v. Valley Bank of Nevada*, 114, Nev. 1313, 970 P.2d 1062 (1998)(emphasis in original).

Here, Plaintiff has not shown that his conduct was the sole proximate cause of his discharge. In addition to receiving repeated counseling from his superiors regarding his inability to finish his work in a timely fashion, Plaintiff was also subject to an investigation regarding the quality of his work. Plaintiff has failed to provide any evidence that Defendant's termination of Plaintiff's employment was based upon anything other than his unsatisfactory work performance. Therefore, the court shall grant Defendant's motion for summary judgment on Plaintiff's tortious discharge claim.

1    IT IS THEREFORE ORDERED that Defendants' motion for summary judgment
2 (Doc. #19) is GRANTED. The clerk of court shall enter judgment accordingly.
3    IT IS SO ORDERED.
4    DATED this 7th day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE